IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALKER WINSLOW GROUP, LLC<br>d/b/a PARADIGM HEALTH PLANS,<br><br>                Plaintiff,<br>    v.<br><br>ROSS KRASNOW, ECE SPECIALISTS, LLC,<br>MBL BENEFITS CONSULTING CORP. and<br>ALLIED BENEFIT SYSTEMS, INC.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 2:14-cv-07772-SDW-SCM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ROSS KRASNOW'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

Dated:  January 20, 2015
       Newark, New Jersey

                              /s/ James M. Nicholas
                              James M. Nicholas (*Admitted Pro Hac Vice*)
                              Jillian M. Collins (*Admitted Pro Hac Vice*)
                              MINTZ, LEVIN, COHN, FERRIS,
                                 GLOVSKY AND POPEO, P.C.
                              One Financial Center
                              Boston, MA  02111
                              (617) 542-6000
                              JMNicholas@mintz.com
                              JCollins@mintz.com

                              Scott A. Rader
                              MINTZ, LEVIN, COHN, FERRIS,
                                 GLOVSKY AND POPEO, P.C.
                              The Chrysler Center
                              666 Third Avenue, 25th Floor
                              New York, New York  10017
                              Phone: (212) 935-3000
                              sarader@mintz.com

                              *Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................... **Error! Bookmark not defined.**

PRELIMINARY STATEMENT ................................................................................................1

RELEVANT FACTUAL BACKGROUND.................................................................................2

LEGAL ARGUMENT....................................................................................................................3

I.    Paradigm's 29-Page, 125-Paragraph Verified Complaint More than Adequately States Its Common Law and Statutory Misappropriation of Trade Secrets Claims ............4

II.    The Verified Complaint States A Plausible Claim Against Krasnow for Tortious Interference with Prospective Business Advantage................................................9

CONCLUSION...........................................................................................................................11

## **TABLE OF AUTHORITIES**

                                                                                                                                  **Page(s)**

**Cases**

*Aleynikov v. Goldman Sachs Group, Inc.*,
   2013 U.S. Dist. LEXIS 155137 (D.N.J. Oct. 29, 2013)..................................................................8

*Alpha Pro Tech v. VWR*,
   984 F. Supp. 2d 425 (E.D. Pa. 2013) ............................................................................................7

*Argueta v. U.S. Immigration and Customs Enforcement*,
   643 F.3d 60 (3d Cir. 2011)........................................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007)...............................................................................................................3, 7

*Eastman Chem. Co. v. AlphaPet, Inc.*,
   2011 U.S. Dist. LEXIS 127757 (D. Del. Nov. 4, 2011) .................................................................7

*Lamorte Burns & Co. v. Walters*,
   167 N.J. 285 (N.J. 2001) .........................................................................................................10, 11

*McGovern v. City of Philadelphia*,
   554 F.3d 114 (3d Cir. 2009)............................................................................................................3

*Osteotech, Inc. v. Biologic, LLC*,
   2008 U.S. Dist. LEXIS 17718 (D.N.J. March 7, 2008) .................................................................4

*Reckitt Benckiser Inc. v. Tris Pharma, Inc.*,
   2011 U.S. Dist. LEXIS 19713 (D.N.J. Feb. 28, 2011) .........................................................4, 5, 7

*Rohm & Haas Co. v. Adco Chem. Co.*,
   689 F.2d 424 (3d Cir. 1982)......................................................................................................4, 8

*Synthes, Inc. v. Emerge Medical, Inc.*,
   2012 U.S. Dist. LEXIS 134886 (E.D. Pa. Sep. 19, 2012) ..............................................................7

*Varrallo v. Hammond Inc.*,
   94 F.3d 842 (3d Cir. 1996)...........................................................................................................10

**Statutes**

N.J. Stat. Ann. §§ 56:15-1 – 56:15-4 .................................................................................................1, 9

**PRELIMINARY STATEMENT**

Plaintiff Walker Winslow Group LLC d/b/a Paradigm Health Plans (the "Company" or "Paradigm") respectfully submits this memorandum of law in opposition to Defendant Ross Krasnow's ("Krasnow") motion to partially dismiss Paradigm's Verified Complaint (the "Verified Complaint").

Paradigm brought this action seeking injunctive relief and monetary damages against defendants Krasnow (Paradigm's former employee), Krasnow's company ECE Specialists, LLC ("ECE"), and two companies for which and through which he sold competitive products while he was employed by Paradigm and continuing afterward – MBL Benefits Consulting Corp. ("MBL") and Allied Benefit Systems, Inc. ("Allied"). In the Verified Complaint, Paradigm details Krasnow's systematic, wrongful and malicious conduct, including breaches of the restrictive covenants contained in Krasnow's employment agreement with Paradigm, misappropriation and misuse of Paradigm's confidential business information and trade secrets, tortious interference with contractual relations and prospective business advantage, breach of the duty of loyalty and unjust enrichment. Krasnow now seeks dismissal of the causes of action against him for common law misappropriation of trade secrets and misappropriation of trade secrets under N.J. Stat. Ann. §§ 56:15-1 – 56:15-4, as well as tortious interference with prospective business advantage.

In his unconvincing attempt to argue that Paradigm's 30-page Verified Complaint lacks sufficient factual detail to support Paradigm's misappropriation of trade secrets and tortious interference with business advantage claims, Krasnow conveniently ignores allegations that both directly and circumstantially support Plaintiff's claims and demands that Paradigm meet a level of factual specificity that is both unwarranted and plainly incorrect under the relevant pleading requirements. Without question, Paradigm has adequately stated claims against Krasnow for

1

misappropriation of trade secrets and tortious interference with prospective business advantage. For these reasons, his motion to dismiss must be denied.

## RELEVANT FACTUAL BACKGROUND

As set forth more thoroughly in the Verified Complaint, this case stems from Krasnow's activities during the course of and following the termination of his employment with Paradigm. (Verified Compl. ¶ 2.) Throughout his seven months of employment at Paradigm, Krasnow worked on behalf of and in conjunction with MBL, an insurance broker and benefits consulting group, and his own brokerage entities to sell insurance products, including Allied's products, that compete with Paradigm's suite of products in breach of his employment agreement and in violation of his duty of loyalty to Paradigm. (Id.) As a condition of his employment with Paradigm, Krasnow executed a Confidentiality and Non-Disclosure Agreement (the "Agreement"), which prohibits Krasnow from representing, promoting or otherwise trying to sell within his designated territory any lines of products that compete with the products sold by Paradigm, both during his employment and in the twenty-four month period after his employment terminated. (Id. ¶ 46; Agreement §§ 1, 5.)[1]

In his capacity as Paradigm's Vice President of Sales & Marketing, Krasnow was entrusted with Paradigm's confidential and proprietary business information, including, but not limited to, information, methods and techniques related to identifying prospective customers, developing and maintaining strategic business relationships, developing and customizing insurance products for prospective customers, establishing appropriate pricing, and analyzing regulatory compliance, product viability and efficiency for all product lines. (Verified Compl. ¶ 22.) As stated in the Verified Complaint, Paradigm takes steps to protect the confidential nature

---

[1] A true and accurate copy of Krasnow's Confidentiality and Non-Disclosure Agreement is attached to the Verified Complaint as Exhibit C.

2

of such information, methods and techniques, which, if disclosed, would be of significant economic value to competitors in the insurance industry. (Id. ¶¶ 23-24, 27-28.)

Krasnow did not succeed in his position, however, and in seven months of employment never sold a single Paradigm product, which Paradigm learned was the result of Krasnow directing his efforts to selling the products of Paradigm's competitors while employed by the Company. (Id. ¶ 53.) When Paradigm learned that Krasnow was directly competing with the Company while employed, Paradigm terminated Krasnow's employment and demanded immediate return of all Company property. (Id. ¶¶ 56-60.) Krasnow, however, refused to return his Company-issued laptop for more than *two weeks* following the termination of his employment. (Id. ¶¶ 61-63.) Only after receiving demands from Paradigm's attorneys did Krasnow finally return the laptop, at which point Paradigm commissioned a forensic review of the computer, which revealed that during the two weeks he retained the Company's property, he conducted a substantial amount of business for Allied, attempting to sell products that directly compete with Paradigm's suite of products to clients that he had previously and/or contemporaneously solicited on behalf of Paradigm. (Id. ¶¶ 64-74.)

## **LEGAL ARGUMENT**

It is well-established that, when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the burden is on the moving party – here Krasnow – and a court must accept all facts in the complaint as true, giving the plaintiff "the benefit of imagination." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)); *see also Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011). Dismissal shall only be considered "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009). Indeed,

3

the Rule 12(b)(6) standard is difficult to meet given that the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and then determine whether a reasonable inference may be drawn that the defendant is liable for the alleged misconduct." *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011).

I. **Paradigm's 29-Page, 125-Paragraph Verified Complaint More than Adequately States Its Common Law and Statutory Misappropriation of Trade Secrets Claims.**

In order to establish a plausible claim for misappropriation of trade secrets under New Jersey common law, Paradigm need only allege facts that, taken in the light most favorable to it and drawing reasonable inferences in its favor, show: (1) the existence of a trade secret; (2) communicated in confidence by the plaintiff to the employee; (3) disclosed by the defendant in breach of that confidence; (4) acquired by a competitor with knowledge of the breach of confidence; and (5) used by the competitor to the detriment of one claiming misappropriation. *Rohm & Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 429-30 (3d Cir. 1982).

Under New Jersey law, a claim of misappropriation of trade secret "does not require specific pleading of the precise information that constitutes the trade secret in order to survive a motion to dismiss." *Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, 2011 U.S. Dist. LEXIS 19713, at *9 (D.N.J. Feb. 28, 2011) (internal quotation and citation omitted). Indeed, under the Federal Rules of Civil Procedure, a plaintiff is not required "to plead all the relevant facts in detail," nor must a plaintiff "provide specific information about trade secrets at this stage of the litigation." *Id.* (citing *Oswell v. Morgan Stanley Dean Witter & Co.*, 2007 U.S. Dist. LEXIS 44315, at *21 (D.N.J. June 18, 2007)); *see also Osteotech, Inc. v. Biologic, LLC*, 2008 U.S. Dist. LEXIS 17718, at *13 (D.N.J. March 7, 2008) (explaining that "[t]here is no heightened pleading standard for a misappropriation claim.") Importantly, at this early stage of the case, inferences

4

should be taken in Paradigm's favor because "information concerning Defendants' alleged use of the trade secret may, at this juncture, be solely within the Defendants' knowledge." *Reckitt Benckiser*, 2011 U.S. Dist. LEXIS 17718 at *14.

Paradigm alleges in the Verified Complaint that Krasnow acquired, though his training and his senior-level position as a Vice President at the Company, confidential and proprietary business information concerning, among other things, Paradigm's pricing, vendors, clients, marketing strategies and product formation that would be valuable to its competitors. (Verified Compl. ¶ 78.) For example, Krasnow necessarily acquired information regarding Paradigm's ACA-compliant plans, and its methods for marketing and selling those plans, which place the Company at a competitive advantage to capitalize on this emerging market. (See id. ¶¶ 20, 22-24.) Paradigm further alleges that Krasnow used his employment to gain access to Paradigm's confidential and proprietary information in order to sell products from Allied and other Paradigm competitors and that Krasnow, ECE and MBL misappropriated and disclosed Paradigm's trade secrets. (Id. ¶¶ 94-95).

Taken together with the remaining allegations in the Verified Complaint, including the fact that Paradigm took specific steps to protect such information and that Krasnow refused to return Paradigm's laptop and confidential information for more than two weeks following his termination while he was simultaneously working on proposals for Allied, Paradigm has clearly met the pleading standard for its common law misappropriation claim. Indeed, Paradigm has specifically plead all five elements of a common law misappropriation claim:

    1.    <u>The existence of a trade secret</u> – The Verified Complaint alleges that "[d]uring his employment with Paradigm, Krasnow had access to, acquired and used certain of Paradigm's trade secrets and proprietary and/or confidential information. This information is economically

valuable, is not generally known to the public and is not readily ascertainable by proper means by other persons. Furthermore, Paradigm has expended substantial time, money and effort in developing such information for business use and to obtain a competitive advantage." (Verified Compl. ¶ 91; see also id. ¶¶ 22-26.)

  2. <u>Communicated in confidence by the plaintiff to the employee</u> – The Verified Complaint alleges that Paradigm "engaged in reasonable efforts to maintain the confidentiality of this information. For example, Paradigm password protects its network and limits access to confidential documents, files and information. Furthermore, Paradigm required Krasnow and other employees to sign the Confidentiality Agreement containing confidentiality and non-disclosure obligations." (Id. ¶ 92; see also id. ¶¶ 27-28.)

  3. <u>Disclosed by the defendant in breach of that confidence</u> – The Verified Complaint alleges that (a) Krasnow "used Paradigm's confidential information, including, but not limited to, his knowledge of Paradigm's internal operating procedures, vendors, contracts and pricing information, to actively compete with Paradigm" (id. ¶ 3); (b) Krasnow "misappropriated certain of Paradigm's trade secrets, proprietary and/or confidential information" (id. ¶ 94); and (c) Krasnow and his codefendants gained "access to Paradigm's confidential and proprietary information in order to more effectively sell products from Allied and other Paradigm competitors." (Id. ¶ 76; see also id. ¶¶ 77-79)

  4. <u>Acquired by a competitor with knowledge of the breach of confidence</u> – The Verified Complaint alleges that Paradigm's trade secrets were disclosed by Krasnow to entities selling products that compete with Paradigm's products, including Allied and MBL, who were "aware of the terms and conditions of Krasnow's Confidentiality Agreement and the restrictive covenants" (id. ¶ 80), were "required to sign non-disclosure and confidentiality agreements" (id.

6

¶ 92), and engaged in conduct that was "willful and malicious." (Id. ¶ 97 ; see also id. ¶¶ 81, 94-96.)

  5. <u>Used by the competitor to the detriment of one claiming misappropriation</u> – The Verified Complaint alleges that Paradigm's competitors wrongfully have used the information that Krasnow unlawfully provided to them, causing Paradigm to "suffer damages, including, but not limited to, loss of competitive advantage, reduction of the value of the confidential information and trade secrets, loss of the exclusive use of the confidential information and trade secrets and loss of potential profits." (Id. ¶ 96; see also id. ¶¶ 94-95, 97.)

  Despite the numerous and well-plead allegations in the Verified Complaint, Krasnow now argues that Paradigm's common law misappropriation claim should be dismissed as overbroad and vague.[2] (Memo. of Law at p. 3.) Krasnow misconstrues, however, the standard with respect to meeting the pleading requirements for this claim and ignores the well-established law that at the initial stage of litigation, where Krasnow has all of the information regarding the actual misappropriation, Paradigm's allegations are more than sufficient to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Reckitt Benckiser*, 2011 U.S. Dist. LEXIS 17718 at *14; *Eastman Chem. Co. v. AlphaPet Inc.*, 2011 U.S. Dist. LEXIS 127757, at *30 (D. Del. Nov. 4, 2011) (holding that the mere allegation that defendants used the alleged trade secrets, without further information on how they were used or disclosed, was sufficient to meet

---

[2]  Krasnow also argues – ***in the face of substantial contravening authority*** – that the allegations regarding misappropriation do not meet the plausibility pleading standard because they are pled "upon information and belief." Nothing in the *Twombly* line of cases, however, suggests that a plaintiff can no longer plead facts upon information and belief or that doing so would subject a claim to dismissal under 12(b)(6). *See, e.g.*, *Alpha Pro Tech v. VWR*, 984 F. Supp. 2d 425, 441-42 (E.D. Pa. 2013) (denying defendant's motion to dismiss plaintiff's claim for trade secret misappropriation even though the plaintiff alleged misappropriation "on information and belief"); *Synthes, Inc. v. Emerge Medical, Inc.*, 2012 U.S. Dist. LEXIS 134886, at *100-102 (E.D. Pa. Sep. 19, 2012) (finding that plaintiff adequately stated a claim for misappropriation of trade secrets even though its allegations were skeletal and based "[u]pon information and belief"); *Eastman Chem. Co. v. AlphaPet, Inc.*, 2011 U.S. Dist. LEXIS 127757, at *9 (D. Del. Nov. 4, 2011) (denying defendant's motion to dismiss plaintiff's claim for misappropriation of trade secrets and finding that the Supreme Court's holding in Twombly "did not strike [the phrase 'upon information and belief'] from the lexicon") (quoting *Smith v. Harvey*, 2010 U.S. Dist. LEXIS 29642, at*10 (N.D. Ill. Mar. 29, 2010)).

the pleading standard for a Delaware trade secret claim because plaintiff identified a "specific illicit pathway" through which confidential information flowed, alleged the relevant time period, and alleged the impetus for the wrongful disclosure and use of confidential information); *Aleynikov v. Goldman Sachs Group, Inc.*, 2013 U.S. Dist. LEXIS 155137, at *25-26 (D.N.J. Oct. 29, 2013) (finding that complaint alleging trade secret misappropriation satisfied the *Twombly/Iqbal* standard even though it did not allege that a former employee used or disclosed trade secret information) (applying New York law).

Krasnow further asserts that Paradigm's common law misappropriation claim should be dismissed because the Verified Complaint does not contain an allegation that Paradigm notified Krasnow that specific information was considered confidential, which he claims Paradigm was required to do under the terms of the Agreement. (Memo. of Law at p. 3.) This argument, however, is clearly misplaced as it conflates the elements of Paradigm's common law misappropriation claims with the elements of Paradigm's breach of contract claim, which notably, Krasnow does not seek to dismiss. The terms of the Agreement have no bearing on whether Paradigm has sufficiently plead a common law claim for misappropriation of trade secrets and confidential information, except insofar as the existence of the Agreement establishes that Paradigm took steps to maintain the confidentiality of its trade secret and confidential information by requiring Krasnow to execute the Agreement as a condition of employment. Indeed, the elements of a common law misappropriation claim do not include a requirement that an employer specifically notify its employee that certain information is considered confidential, nor does it make any reference to contractual terms as between the employer and employee. *See Rohm & Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 429-30 (3d Cir. 1982) (describing *prima facie* elements of misappropriation of trade secrets and confidential information claim).

With respect to Paradigm's New Jersey Trade Secrets Act ("NJTSA") claim, Paradigm must allege facts sufficient to demonstrate plausible misappropriation, which under the statute includes:

(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; **or**
(2) Disclosure or use of a trade secret of another without express or implied consent of the trade secret owner by a person who: (a) used improper means to acquire knowledge of the trade secret; or (b) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was derived or acquired through improper means; or (c) before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired through improper means. N.J. Stat. Ann. § 56:15-2.

Here, Paradigm clearly alleges that Krasnow acquired Paradigm's trade secrets through the guise of legitimate employment with the Company when, in reality, Krasnow was simultaneously selling competitive products from Allied and other Paradigm competitors in flagrant breach of his Agreement and other common law duties to Paradigm.  There is therefore, no question, that Paradigm has sufficiently plead that Krasnow acquired the Company's trade secrets by improper means by fraudulently misrepresenting to Paradigm that he was acting on its behalf as its employee when he acquired the Company's proprietary information, only to trade on that information for his own personal benefit and the benefit of others.  As discussed above, these allegations taken in the light most favorable to Paradigm clearly state a plausible claim for misappropriation of trade secrets both under the common law and under the NJTSA.  Accordingly, Krasnow's motion to dismiss Paradigm's misappropriation of trade secrets and confidential information claim should be denied and the claims be allowed to continue.

II. **The Verified Complaint States A Plausible Claim Against Krasnow for Tortious Interference with Prospective Business Advantage.**

Under New Jersey law, a plaintiff must allege the existence of four elements to proceed on a claim for tortious interference with prospective business advantage:  (1) a reasonable

9

expectation of economic advantage to plaintiff; (2) interference done intentionally and with malice; (3) a causal connection between the interference and the loss of prospective gain; and (4) actual damages.  *Varrallo v. Hammond Inc.*, 94 F.3d 842, 848 (3d Cir. 1996) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751 (N.J. 1989)).  For purposes of this claim, malice "means that harm was inflicted intentionally and without justification or excuse." *Lamorte Burns & Co. v. Walters*, 167 N.J. 285, 306 (N.J. 2001).  What constitutes malice is determined on an individualized basis, viewing the defendant's actions in the context of the facts presented, but conduct that is fraudulent, dishonest, or illegal clearly meets this test.  *Id* at 307.

In his motion, Krasnow inexplicably ignores the dozens of allegations in the Verified Complaint describing in rote detail his fraudulent, dishonest and illegal conduct that was clearly aimed at interfering with Paradigm's prospective business advantage and, instead, simply cites to a single case for the absurd proposition that Paradigm's tortious interference claim was plead in "conclusory fashion." (Memo. of Law at pp. 5-6.)  Indeed, Krasnow goes so far as to assert that Paradigm "has not set forth any facts indicating that Mr. Krasnow intentionally interfered with Plaintiff's reasonable expectation of an economic advantage." (Id. at p. 6.)  Given the myriad allegations in the Verified Complaint describing Krasnow's illegal conduct, his argument is almost completely incomprehensible.

Without question, the Verified Complaint alleges facts to satisfy each element of the *prima facie* case for tortious interference.  Paradigm hired Krasnow with the reasonable expectation that he would exclusively sell Paradigm's products and work solely for the benefit of the Company and that his efforts would result in economic advantage to Paradigm. (Verified Compl. ¶ 49.)  Despite being employed by Paradigm, Krasnow acted deceptively and intentionally – *i.e.*, with malice – when he remained employed by Paradigm while breaching his

10

Agreement, selling products that compete with Paradigm's products and submitting proposals to prospective clients on behalf of Paradigm's competitors. (Id. ¶¶ 53-58, 65-74.)[3] Krasnow's misrepresentations and dishonest conduct are the chief reasons why he did not sell a single Paradigm product in seven months of employment. (Id. ¶ 53.) At least one client specifically informed Paradigm that he chose not to work with the Company based on Krasnow's duplicitous behavior, causing Paradigm actual damages, and discovery will very likely reveal that Krasnow's actions resulted in additional damages through his diversion of business away from Paradigm. (Id. ¶ 70.) Based on the above detailed factual allegations, Paradigm has clearly alleged a plausible claim against Krasnow for tortious interference with prospective business advantage and his motion must therefore be denied.

## CONCLUSION

Paradigm's Verified Complaint states viable and plausible claims against Krasnow for misappropriation of trade secrets and tortious interference with prospective business advantage. Accordingly, for the reasons set forth herein, Paradigm respectfully requests that this Court deny

---

[3] As stated above, "malice" exists for purposes of a tortious interference claim where the defendant engaged in conduct that is fraudulent, dishonest, or illegal. *Lamorte Burns & Co.*, 167 N.J. at 307. Clearly, Krasnow's work on behalf of Allied, MBL and ECE in selling competitive products to Paradigm's prospective clients, while he simultaneously misrepresented to Paradigm that he was acting in his capacity as a Company employee was fraudulent, dishonest **and** illegal. Indeed, Krasnow implicitly admits as much by electing not to move to dismiss Paradigm's breach of the duty of loyalty claim, which is premised on Krasnow's double-dealing by working against his employer for the benefit of himself and others. By acquiescing to the validity of the breach of the duty of loyalty claim, it necessarily follows that Krasnow's illegal actions in breach of his fiduciary duties to Paradigm establish the requisite "malice" to support the Company's tortious interference claim.

Defendant Ross Krasnow's Motion to Partially Dismiss Plaintiff's Verified Complaint, and award and other relief as is just and appropriate.

> MINTZ, LEVIN, COHN, FERRIS,
>  GLOVSKY AND POPEO, P.C.
>
> By: /s/ James M. Nicholas
> James M. Nicholas (*Admitted Pro Hac Vice*)
> Jillian M. Collins (*Admitted Pro Hac Vice*)
> Scott A. Rader

Date: January 20, 2015