IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALKER WINSLOW GROUP, LLC d/b/a PARADIGM HEALTH PLANS,<br><br>Plaintiff,<br><br>v.<br><br>ROSS KRASNOW, ECE SPECIALISTS, LLC, MBL BENEFITS CONSULTING CORP. and ALLIED BENEFIT SYSTEMS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 2:14-cv-07772-SDW-SCM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT ECE SPECIALISTS, LLC'S
MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

Dated:  January 20, 2015
         Newark, New Jersey

/s/ Scott A. Rader
James M. Nicholas (*Admitted Pro Hac Vice*)
Jillian M. Collins (*Admitted Pro Hac Vice*)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000
JMNicholas@mintz.com
JCollins@mintz.com

Scott A. Rader
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
The Chrysler Center
666 Third Avenue, 25th Floor
New York, New York  10017
Phone: (212) 935-3000
sarader@mintz.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT ................................................................................................1

RELEVANT FACTUAL BACKGROUND................................................................................2

LEGAL ARGUMENT..................................................................................................................4

I.    Paradigm's Verified Complaint Adequately States Its Common Law and Statutory Misappropriation of Trade Secrets Claims Against ECE ....................................................5

II.    The Verified Complaint States A Plausible Claim Against ECE for Tortious Interference with Prospective Business Advantage.............................................................12

III.    The Verified Complaint States A Plausible Claim Against ECE for Unjust Enrichment..........................................................................................................................15

CONCLUSION...........................................................................................................................16

Case 2:14-cv-07772-SDW-LDW   Document 38   Filed 01/21/15   Page 3 of 20 PageID: 508


# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aleynikov v. Goldman Sachs Group, Inc.*,
   2013 U.S. Dist. LEXIS 155137 (D.N.J. Oct. 29, 2013)..........................................................10

*Alpha Pro Tech v. VWR*,
   984 F. Supp. 2d 425 (E.D. Pa. 2013) .....................................................................................9

*Argueta v. U.S. Immigration and Customs Enforcement*,
   643 F.3d 60 (3d Cir. 2011).....................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007).......................................................................................................4, 9

*Eastman Chem. Co. v. AlphaPet, Inc.*,
   2011 U.S. Dist. LEXIS 127757 (D. Del. Nov. 4, 2011) .......................................................9, 10

*Esquire Deposition Servs., LLC v. Boutot*,
   2009 U.S. Dist. LEXIS 52207 (D.N.J. June 19, 2009) ..........................................................14

*Lamorte Burns & Co. v. Walters*,
   167 N.J. 285 (N.J. 2001) ................................................................................................12, 13

*McGovern v. City of Philadelphia*,
   554 F.3d 114 (3d Cir. 2009)...................................................................................................4

*Osteotech, Inc. v. Biologic, LLC*,
   2008 U.S. Dist. LEXIS 17718 (D.N.J. March 7, 2008) ...........................................................5

*PTT, LLC v. Gimmie Games*,
   2014 U.S. Dist. LEXIS 158058 (D.N.J. Nov. 6, 2014)............................................................9

*Reckitt Benckiser Inc. v. Tris Pharma, Inc.*,
   2011 U.S. Dist. LEXIS 19713 (D.N.J. Feb. 28, 2011) .............................................5, 9, 10, 14

*Rohm & Haas Co. v. Adco Chem. Co.*,
   689 F.2d 424 (3d Cir. 1982)...............................................................................................5, 11

*Stryker v. Hi-Temp Specialty Metals, Inc.*,
   2013 U.S. Dist. LEXIS 145956 (D.N.J. Oct. 9, 2013).......................................................9, 15

*Synthes, Inc. v. Emerge Medical, Inc.*,
   2012 U.S. Dist. LEXIS 134886 (E.D. Pa. Sep. 19, 2012) ......................................................9

*Varrallo v. Hammond Inc.*,
   94 F.3d 842 (3d Cir. 1996)...................................................................................................12

**Statutes**

N.J. Stat. Ann. §§ 56:15-1 – 56:15-4 .................................................................................1, 11, 12

**PRELIMINARY STATEMENT**

Plaintiff Walker Winslow Group LLC d/b/a Paradigm Health Plans (the "Company" or "Paradigm") respectfully submits this memorandum of law in opposition to Defendant ECE Specialists, LLC's ("ECE") motion to dismiss Paradigm's Verified Complaint (the "Verified Complaint").

Paradigm brought this action seeking injunctive relief and monetary damages against (i) Ross Krasnow ("Krasnow"), who was formerly employed by Paradigm, (ii) ECE Specialists, which is a company founded and owned by Krasnow, through which he actively competed against Paradigm both during and following the termination of his employment, and (iii) two additional companies – Allied Benefit Systems, Inc. ("Allied") and MBL Benefits Consulting Corp. ("MBL" and, together with Krasnow, ECE and Allied, the "Defendants") – that Krasnow/ECE partnered with to illegally sell competitive products while he was employed by Paradigm.  In the Verified Complaint, Paradigm details Defendants' systematic, wrongful and malicious conduct, including breaches of the restrictive covenants contained in Krasnow's employment agreement with Paradigm, misappropriation and misuse of Paradigm's confidential business information and trade secrets, tortious interference with contractual relations and prospective business advantage, breach of the duty of loyalty and unjust enrichment.  ECE Specialists, which is no more than an alter ego of Krasnow, now seeks dismissal of the causes of action against it for common law misappropriation of trade secrets and misappropriation of trade secrets under N.J. Stat. Ann. §§ 56:15-1 – 56:15-4, tortious interference with prospective business advantage and unjust enrichment.

As described in the Verified Complaint, Krasnow used ECE as a vehicle through which to conduct his unlawful activities both during his employment with Paradigm and following the termination of his employment.  As alleged in the Verified Complaint, Paradigm discovered that

1

Krasnow established ECE prior to the commencement of his employment with the Company for the purpose of actively competing against Paradigm in direct violation of his contractual obligations and common law duty of loyalty.  ***Put another way, ECE Specialists is Ross Krasnow***.[1/]

Despite these allegations, ECE now (inaccurately) argues that Plaintiff's Verified Complaint only includes six paragraphs regarding ECE.  (Memo. of Law at p. 1.)  ECE, however, conveniently ignores the numerous factual allegations directly linking Krasnow's conduct to ***his company***, ECE, which both directly and circumstantially support all of Paradigm's claims against that entity.  Moreover, ECE asks this Court to hold Paradigm to a level of factual specificity that is both unwarranted and plainly incorrect under applicable pleading standards.  When viewing the totality of the allegations regarding Krasnow's illegal activities in his capacity as the President, CEO and founder of ECE, Paradigm has more than adequately stated claims against ECE for misappropriation of trade secrets, tortious interference with prospective business advantage and unjust enrichment.  For these reasons, this motion to dismiss should be denied.

## RELEVANT FACTUAL BACKGROUND

As set forth more thoroughly in the Verified Complaint, this case stems from Krasnow's activities during the course of and following the termination of his employment with Paradigm and his actions on behalf of his company ECE Specialists. (Verified Compl. ¶¶ 44, 67-76.)  Throughout his seven months of employment at Paradigm, Krasnow, by and through ECE,[2/]

---

[1/]   In his Affidavit in response to Paradigm's Order to Show Cause, Krasnow admits that he is the CEO and President of ECE. (Docket No. 7-2.)

[2/]   Krasnow also is alleged to have used a separate entity – Exclusive Benefit Solutions – as yet another vehicle through which to conduct and conceal his illegal conduct.  Notably, Exclusive Benefit Solutions maintains a website that was registered by Krasnow and ECE using Krasnow's ECE email account.  (Verified Compl. ¶ 74),

2

worked in concert with MBL, an insurance broker and benefits consulting group, to sell insurance products, including Allied's products, that compete with Paradigm's suite of products in breach of his employment agreement and in violation of his duty of loyalty to Paradigm. (Id. ¶¶ 44, 67-76; Ex. H.)

As a condition of his employment with Paradigm, Krasnow executed a <u>Confidentiality and Non-Disclosure Agreement</u> (the "Agreement"), which prohibits Krasnow from representing, promoting or otherwise trying to sell within his designated territory any lines of products that compete with the products sold by Paradigm. (Id. ¶ 46; Agreement §§ 1, 5.)[3] Shortly after executing this Agreement, however, Krasnow began using his company, ECE, to divert business away from Paradigm. (Id. ¶ 74.)

In his capacity as Paradigm's Vice President of Sales & Marketing, Krasnow was entrusted with Paradigm's confidential and proprietary business information, including, but not limited to, information, methods and techniques related to identifying prospective customers, developing and maintaining strategic business relationships, developing and customizing insurance products for prospective customers, establishing appropriate pricing, and analyzing regulatory compliance, product viability and efficiency for all product lines. (Verified Compl. ¶ 22.) As stated in the Verified Complaint, Paradigm takes steps to protect the confidential nature of such information, methods and techniques, which, if disclosed, would be of significant economic value to competitors in the insurance industry. (Id. ¶¶ 23-24, 27-28.)

Krasnow did not succeed in his position with Paradigm. Indeed, during his tenure with the Company, Krasnow failed to sell a single Paradigm product, due to the fact that he was directing his efforts to selling the products of Paradigm's competitors through his corporate alter

---

[3] A true and accurate copy of Krasnow's Confidentiality and Non-Disclosure Agreement is attached to the Verified Complaint as <u>Exhibit C</u>.

ego, ECE. (Id. ¶¶ 53 and 74.) When Paradigm learned that Krasnow was directly competing with the Company, it terminated his employment and demanded the immediate return of all Company property. (Id. ¶¶ 56-60.) Krasnow, however, refused to return his Company-issued laptop for more than *two weeks* following the termination of his employment. (Id. ¶¶ 61-63.) Only after receiving demands from Paradigm's attorney did Krasnow finally return the laptop, at which point Paradigm commissioned a forensic review of the computer, which revealed that during the two weeks he retained the Company's property, Krasnow conducted a substantial amount of business for Allied, *through ECE and Exclusive Benefit Solutions*, in order to sell products that directly compete with Paradigm's suite of products, to clients that he had previously and/or contemporaneously solicited on behalf of Paradigm. (Id. ¶¶ 64-74.)

## LEGAL ARGUMENT

It is well-established that, when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the burden is on the moving party, here ECE, and a court must accept all facts in the complaint as true, giving the plaintiff "the benefit of imagination." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)); *see also Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011). Dismissal shall only be considered "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009). Indeed, the Rule 12(b)(6) standard is difficult for a defendant to meet because the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and then determine whether a reasonable inference may be drawn that the defendant is liable for the alleged misconduct." *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011).

I.  **Paradigm's Verified Complaint Adequately States Its Common Law and Statutory Misappropriation of Trade Secrets Claims Against ECE.**

In order to establish a plausible claim for misappropriation of trade secrets under New Jersey common law, Paradigm need only allege facts that, taken in the light most favorable to it and drawing reasonable inferences in its favor, show: (1) the existence of a trade secret; (2) communicated in confidence by the plaintiff to the employee; (3) disclosed by the employee in breach of that confidence; (4) acquired by a competitor with knowledge of the breach of confidence; and (5) used by the competitor to the detriment of one claiming misappropriation. *Rohm & Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 429-30 (3d Cir. 1982).

Under New Jersey law, a claim of misappropriation of trade secret "does not require specific pleading of the precise information that constitutes the trade secret in order to survive a motion to dismiss." *Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, 2011 U.S. Dist. LEXIS 19713, at *9 (D.N.J. Feb. 28, 2011) (internal quotation and citation omitted). Indeed, under the Federal Rules of Civil Procedure, a plaintiff is not required "to plead all the relevant facts in detail" nor must a plaintiff "provide specific information about trade secrets at this stage of the litigation." *Id*. (citing *Oswell v. Morgan Stanley Dean Witter & Co.*, 2007 U.S. Dist. LEXIS 44315, at *21 (D.N.J. June 18, 2007)); *see also Osteotech, Inc. v. Biologic, LLC*, 2008 U.S. Dist. LEXIS 17718, at *13 (D.N.J. March 7, 2008) (explaining that "[t]here is no heightened pleading standard for a misappropriation claim.") Importantly, at this early stage of the case, inferences should be taken in Paradigm's favor because "information concerning Defendants' alleged use of the trade secret may, at this juncture, be solely within the Defendants' knowledge." *Reckitt Benckiser*, 2011 U.S. Dist. LEXIS 17718 at *14.

Paradigm alleges in the Verified Complaint that Krasnow acquired, though his training and his senior-level position as a Vice President at the Company, confidential and proprietary

5

business information concerning, among other things, Paradigm's pricing, vendors, clients, marketing strategies and product formation that would be valuable to its competitors. (Verified Compl. ¶ 78.) For example, the Verified Complaint clearly alleges that Krasnow acquired information regarding Paradigm's ACA-compliant plans, and its methods for marketing and selling those plans, which place the Company at a competitive advantage to capitalize on this emerging market. (See id. ¶¶ 20, 22-24.) In addition, the Verified Complaint plainly alleges that Krasnow founded ECE and serves as ECE's principal agent and "Managing Partner" (though Krasnow has since admitted to this Court that he is, in fact, ECE's President and Chief Executive Officer). (Id. ¶¶ 66-67). Paradigm further alleges that Krasnow used his employment to gain access to Paradigm's confidential and proprietary information in order to sell products from Allied and other Paradigm competitors, ***on behalf of and through ECE***, and that Krasnow, ECE and MBL misappropriated and disclosed Paradigm's trade secrets. (See id. ¶¶ 74, 94-95). Finally, Paradigm alleges that Krasnow refused to return Paradigm's laptop containing the Company's confidential information and trade secrets for more than two weeks following his termination while he was simultaneously preparing proposals to sell Allied's competitive health plan products through both ECE and its related entity, Exclusive Benefit Solutions. (See id. ¶¶ 59-64, 68).

Indeed, Paradigm has sufficiently plead all five elements of a common law misappropriation claim against Krasnow **and** ECE:

- The existence of a trade secret – The Verified Complaint alleges that "[d]uring his employment with Paradigm, Krasnow had access to, acquired and used certain of Paradigm's trade secrets and proprietary and/or confidential information. This information is economically valuable, is not generally known to the public and is not

6

readily ascertainable by proper means by other persons. Furthermore, Paradigm has expended substantial time, money and effort in developing such information for business use and to obtain a competitive advantage." (Verified Compl. ¶ 91; see also id. ¶¶ 22-26.)

- <u>Communicated in confidence by the plaintiff to the employee</u> – The Verified Complaint alleges that Paradigm "engaged in reasonable efforts to maintain the confidentiality of this information. For example, Paradigm password protects its network and limits access to confidential documents, files and information. Furthermore, Paradigm required Krasnow and other employees to sign the Confidentiality Agreement containing confidentiality and non-disclosure obligations." (Id. ¶ 92; see also id. ¶¶ 27-28.)

- <u>Disclosed by the defendant in breach of that confidence</u> – The Verified Complaint alleges that (a) Krasnow "used Paradigm's confidential information, including, but not limited to, his knowledge of Paradigm's internal operating procedures, vendors, contracts and pricing information, to actively compete with Paradigm" (id. ¶ 3); (b) Krasnow and ECE "misappropriated certain of Paradigm's trade secrets, proprietary and/or confidential information" (id. ¶ 94); and (c) Krasnow and ECE gained "access to Paradigm's confidential and proprietary information in order to more effectively sell products from Allied and other Paradigm competitors." (Id. ¶ 76; see also id. ¶¶ 77-79)

- <u>Acquired by a competitor with knowledge of the breach of confidence</u> – The Verified Complaint alleges that Paradigm's trade secrets were disclosed by Krasnow/ECE to entities selling products that compete with Paradigm's products, including Allied and MBL, who were "aware of the terms and conditions of Krasnow's Confidentiality Agreement and the restrictive covenants" (id. ¶ 80), were "required to sign non-disclosure

7

and confidentiality agreements (id. ¶ 92), and engaged in conduct that was "willful and malicious." (Id. ¶ 97; see also id. ¶¶ 81, 94-96.)

- <u>Used by the competitor to the detriment of one claiming misappropriation</u> – The Verified Complaint alleges that Paradigm's competitors wrongfully have used the information that Krasnow and ECE unlawfully provided to them, causing Paradigm to "suffer damages, including, but not limited to, loss of competitive advantage, reduction of the value of the confidential information and trade secrets, loss of the exclusive use of the confidential information and trade secrets and loss of potential profits." (Id. ¶ 96; see also id. ¶¶ 94-95, 97.)

Construing the Verified Complaint in the light most favorable to Paradigm and drawing all reasonable inferences in the Company's favor and against ECE, there can be no question that Paradigm has adequately established the following for purposes of analyzing ECE's motion to dismiss: (1) Krasnow received and had access to Paradigm's confidential information and trade secrets via his employment with the Company; (2) Krasnow founded, owned and served as ECE's President and Chief Executive Officer, rendering that entity his alter ego; (3) while employed by Paradigm, Krasnow used ECE's corporate structure as a vehicle to illegally compete with the Company in breach of both his Agreement and his common law duty of loyalty to Paradigm; (4) to further his illegal activities, Krasnow, through ECE, used and/or disclosed the Company's confidential and trade secret information when selling products that compete with Paradigm's products to the Company's prospective customers; and (5) ECE, through its principal, Krasnow, gained access to Paradigm's confidential and trade secret information via Krasnow's breach of his contractual and common law duties, with full knowledge that Krasnow had illicitly acquired the information, and thereafter used Paradigm's confidential and trade

8

secret information to the detriment of the Company.  Put another way, the Verified Complaint contains allegations that ECE, as an entity, is liable for the actions of its principal, Krasnow, such that the numerous averments detailing Krasnow's misappropriation of Paradigm's trade secrets and confidential information can be fairly extended to ECE as a separate defendant.  See, e.g., *Stryker v. Hi-Temp Specialty Metals, Inc.*, 2013 U.S. Dist. LEXIS 145956, at *16 (D.N.J. Oct. 9, 2013) (finding that plaintiff sufficiently stated an alter ego claim against defendant company that wrongfully used plaintiff's trade secrets to compete in the marketplace); *PTT, LLC v. Gimmie Games*, 2014 U.S. Dist. LEXIS 158058, at *1, *15 (D.N.J. Nov. 6, 2014) (finding plaintiff stated a plausible claim for trade secret misappropriation against individuals who allegedly misappropriated trade secrets and the company that hired these individuals); *Reckitt Benckiser*, 2011 U.S. Dist. LEXIS 19713, at *14-15 (denying defendants' motion to dismiss claim for trade secret misappropriation, indicating that defendant company could be held liable for trade secret misappropriation where its agent, a former employee of plaintiff, shared trade secrets with defendant company).

Despite the numerous and well-plead allegations in the Verified Complaint, ECE now argues that Paradigm's common law misappropriation claim should be dismissed as vague and devoid of the requisite specificity. [4] (Memo. of Law at p. 4.)   ECE, however, misconstrues the standard with respect to meeting the pleading requirements for a misappropriation claim and

---

[4]   ECE also argues – *in the face of substantial contravening authority* – that the allegations regarding misappropriation do not meet the plausibility pleading standard because they are pled "upon information and belief." Nothing in the *Twombly* line of cases, however, suggests that a plaintiff can no longer plead facts upon information and belief or that doing so would subject a claim to dismissal under 12(b)(6).  See, e.g., *Alpha Pro Tech v. VWR*, 984 F. Supp. 2d 425, 441-42 (E.D. Pa. 2013) (denying defendant's motion to dismiss plaintiff's claim for trade secret misappropriation even though the plaintiff alleged misappropriation "on information and belief"); *Synthes, Inc. v. Emerge Medical, Inc.*, 2012 U.S. Dist. LEXIS 134886, at *100-102 (E.D. Pa. Sep. 19, 2012) (finding that plaintiff adequately stated a claim for misappropriation of trade secrets even though its allegations were skeletal and based "[u]pon information and belief"); *Eastman Chem. Co. v. AlphaPet, Inc.*, 2011 U.S. Dist. LEXIS 127757, at *9 (D. Del. Nov. 4, 2011) (denying defendant's motion to dismiss plaintiff's claim for misappropriation of trade secrets and finding that the Supreme Court's holding in Twombly "did not strike [the phrase 'upon information and belief'] from the lexicon") (quoting *Smith v. Harvey*, 2010 U.S. Dist. LEXIS 29642, at *10 (N.D. Ill. Mar. 29, 2010)).

ignores well-established case law that at this initial stage of litigation, where Krasnow and ECE have all of the information regarding the actual misappropriation, Paradigm's allegations are more than sufficient to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Reckitt Benckiser*, 2011 U.S. Dist. LEXIS 17718 at *14; *Eastman Chem. Co. v. AlphaPet Inc.*, 2011 U.S. Dist. LEXIS 127757, at *30 (D. Del. Nov. 4, 2011) (holding that the mere allegation that defendants used the alleged trade secrets, without further information on how they were used or disclosed, was sufficient to meet the pleading standard for a Delaware trade secret claim because plaintiff identified a "specific illicit pathway" through which confidential information flowed, alleged the relevant time period, and alleged the impetus for the wrongful disclosure and use of confidential information); *Aleynikov v. Goldman Sachs Group, Inc.*, 2013 U.S. Dist. LEXIS 155137, at *25-26 (D.N.J. Oct. 29, 2013) (finding that complaint alleging trade secret misappropriation satisfied the *Twombly/Iqbal* standard even though it did not allege that a former employee used or disclosed trade secret information) (applying New York law).

ECE further asserts that Paradigm's common law misappropriation claim should be dismissed because the Verified Complaint does not contain an allegation that Paradigm notified Krasnow that specific information was considered confidential, which ECE claims Paradigm was required to do under the terms of the Agreement. (Memo. of Law at p. 3.) This argument, however, is clearly misplaced as it conflates the elements of Paradigm's common law misappropriation claims with the elements of Paradigm's breach of contract claim, which notably, Krasnow does not seek to dismiss. The terms of the Agreement have no bearing on whether Paradigm has sufficiently plead a common law claim for misappropriation of trade secrets and confidential information, except insofar as the existence of the Agreement establishes that Paradigm took steps to maintain the confidentiality of its trade secret and confidential

10

information by requiring Krasnow to execute the Agreement as a condition of employment. Indeed, the elements of a common law misappropriation claim do not include a requirement that an employer specifically notify its employee that certain information is considered confidential, nor does it make any reference to contractual terms as between the employer and employee. *See Rohm & Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 429-30 (3d Cir. 1982) (describing *prima facie* elements of misappropriation of trade secrets and confidential information claim).

With respect to Paradigm's New Jersey Trade Secrets Act ("NJTSA") claim, Paradigm must allege facts sufficient to demonstrate plausible misappropriation, which under the statute includes:

> (1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> (2) Disclosure or use of a trade secret of another without express or implied consent of the trade secret owner by a person who: (a) used improper means to acquire knowledge of the trade secret; or (b) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was derived or acquired through improper means; or (c) before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired through improper means. N.J. Stat. Ann. § 56:15-2.

Here, Paradigm specifically alleges that ECE acquired Paradigm's trade secrets through its principal, Krasnow, who fraudulently undertook employment with the Company despite his continued allegiance to ECE and simultaneously sold competitive products from Allied and other Paradigm competitors using his ECE email account and other ECE resources in flagrant breach of his Agreement and other common law duties to Paradigm. Moreover, the allegations in the Verified Complaint adequately establish that ECE knew or had reason to know that Paradigm's trade secrets and confidential information were acquired through improper means given Krasnow's status as ECE's founder and principal. Without question, Paradigm has sufficiently plead that ECE illegally acquired the Company's trade secrets and confidential information

11

through its principal, Krasnow, and it cannot now disclaim knowledge of Krasnow's wrongful actions given his position with ECE. As discussed above, these allegations taken in the light most favorable to Paradigm clearly state a plausible claim for misappropriation of trade secrets both under the common law and under the NJTSA. Accordingly, ECE's motion to dismiss Paradigm's misappropriation of trade secrets and confidential information claim under the NJTSA must be denied.

**II.   The Verified Complaint States A Plausible Claim Against ECE for Tortious Interference with Prospective Business Advantage.**

Under New Jersey law, a plaintiff must allege the existence of four elements to proceed on a claim for tortious interference with prospective business advantage: (1) a reasonable expectation of economic advantage to plaintiff; (2) interference done intentionally and with malice; (3) a causal connection between the interference and the loss of prospective gain; and (4) actual damages. *Varrallo v. Hammond Inc.*, 94 F.3d 842, 848 (3d Cir. 1996) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751 (N.J. 1989)). For purposes of this claim, malice "means that harm was inflicted intentionally and without justification or excuse." *Lamorte Burns & Co. v. Walters*, 167 N.J. 285, 306 (N.J. 2001). What constitutes malice is determined on an individualized basis, viewing the defendant's actions in the context of the facts presented, but conduct that is fraudulent, dishonest, or illegal clearly meets this test. *Id* at 307.

In its motion, ECE inexplicably ignores the dozens of allegations in the Verified Complaint describing in rote detail the fraudulent, dishonest and illegal conduct of its principal, Krasnow, which was clearly aimed at interfering with Paradigm's prospective business advantage. Instead, ECE simply cites to a single case for the absurd proposition that Paradigm's tortious interference claim was plead in "conclusory fashion." (Memo. of Law at pp. 5-6.) Indeed, ECE goes so far as to assert that Paradigm "fails to set forth any facts from which it can

12

be inferred that ECE intentionally and maliciously interfered with Plaintiff's reasonable expectation of an economic advantage." (Id. at p. 6.) This argument is almost completely incomprehensible given the myriad allegations in the Verified Complaint describing Krasnow's illegal conduct on behalf of and through ECE.

Without question, the Verified Complaint alleges facts to satisfy each element of the *prima facie* case for tortious interference. First, Paradigm hired Krasnow with the reasonable expectation that he would only sell Paradigm's products and work solely for the benefit of the Company, and that his efforts would result in economic advantage to Paradigm. (Verified Compl. ¶ 49.) Unbeknownst to the Company, however, Krasnow's actions during his employment were almost exclusively designed to further his personal financial interests and the interests of his company, ECE, to the detriment of Paradigm. (Id. ¶¶ 67, 74.) Indeed, despite being employed by Paradigm, Krasnow acted deceptively and intentionally – *i.e.*, with malice – when he remained employed by Paradigm while surreptitiously breaching his Agreement, selling products that compete with Paradigm's products and submitting proposals to prospective clients on behalf of the Company's competitors through the company which he founded, owned and controlled – ECE. (Id. ¶¶ 53-58, 65-74.)<sup>5/</sup> As a result of Krasnow's fidelity to his personally owned company, ECE, and disloyalty to his employer, Paradigm, Krasnow did not sell a single Paradigm product in seven months of employment despite accepting over $100,000.00 in cash compensation and benefits. (Id. ¶ 53.) At least one client specifically informed Paradigm that he chose not to work with the Company based on the duplicitous behavior of Krasnow, ECE's founder and owner, causing Paradigm actual damages, and discovery will very likely reveal that

---

<sup>5/</sup>   As stated above, "malice" exists for purposes of a tortious interference claim where the defendant engaged in conduct that is fraudulent, dishonest, or illegal. *Lamorte Burns & Co.*, 167 N.J. at 307. Clearly, Krasnow's use of his Paradigm employment to further the interests of his company, ECE, was fraudulent, dishonest **and** illegal.

13

Krasnow's actions resulted in additional damages. (Id. ¶ 70.) Taken together, these allegations establish the existence of a plausible claim against ECE for tortious interference and its motion should therefore be denied.

Moreover, ECE should not be permitted to escape liability on Paradigm's tortious interference claims where its founder, owner and principal, Krasnow, is alleged to have engaged in the illegal conduct that lies at the heart of the claims leveled against ECE. As stated in the Verified Complaint, Krasnow's actions that were aimed at tortiously interfering with Paradigm's prospective business advantage were conducted through ECE and in furtherance of that company's business – a business which Krasnow himself owns and controls. ECE cannot now disavow, and instead must be held liable for, the actions of its principal, Krasnow, such that the numerous allegations in the Verified Complaint detailing Krasnow's tortious interference be imputed to ECE as a separate defendant. *See, e.g.*, *Reckitt Benckiser*, 2011 U.S. Dist. LEXIS 19713, at *23-24 (D.N.J. Feb. 28, 2011) (finding plaintiff stated a plausible claim for tortious interference with a prospective economic advantage against both a company and its employee); *Esquire Deposition Servs., LLC v. Boutot*, 2009 U.S. Dist. LEXIS 52207, at *31-32 (D.N.J. June 19, 2009) (finding plaintiff was likely to succeed in its claim for tortious interference with prospective economic advantage against defendant company based on company's actions in allowing its employee to engage in acts, including misappropriation of confidential information, that interfered with plaintiff's prospective economic advantage).

Based on the foregoing, Paradigm has clearly alleged a plausible claim against ECE for tortious interference with prospective business advantage and its motion must therefore be denied.

### III. The Verified Complaint States A Plausible Claim Against ECE for Unjust Enrichment.

ECE argues that Paradigm has failed to allege that it "reasonably expected remuneration" from ECE at the time it conferred a benefit on it, and that the "failure of such remuneration enriched [ECE] beyond its contractual rights." (Memo. of Law at p. 6.)  However, as noted above, ***Krasnow and ECE are one and the same***:  Krasnow is the President and CEO of ECE, and he established ECE prior to beginning his employment with Paradigm for the very purpose of actively competing against Paradigm in direct violation of his contractual obligations and common law duty of loyalty.  (Supra, at 1-2.)  Moreover, the Verified Complaint clearly alleges that Paradigm reasonably expected remuneration from Krasnow/ECE at the time it conferred the benefits of employment on Krasnow, averring that Paradigm hired Krasnow to "manage client accounts, identify and pursue new client accounts and to undertake sales activities exclusively on behalf of Paradigm.  His duties also included creating goodwill for Paradigm's exclusive benefit and use." (Verified Compl. ¶ 49.)  The Verified Complaint further alleges that, instead of performing these tasks, Krasnow diverted the potential monetary benefits of sales of Paradigm products to ECE, thereby unjustly benefiting ECE by allowing it to reap illicit profits by "receiving monies from clients to which Krasnow should have sold exclusively Paradigm's products."  (Id. ¶ 122.)  Based on these allegations, it is clear that ECE was no more than Krasnow's alter ego, which he used to carry out his wrongful conduct, the result of which unjustly enriched ECE and Krasnow. *Stryker v. Hi-Temp Specialty Metals, Inc.*, 2013 U.S. Dist. LEXIS 145956, at *16 (D.N.J. Oct. 9, 2013) (finding that plaintiff sufficiently stated claims

against defendant company based on theory of alter ego liability). Accordingly, a claim for unjust enrichment clearly lies and ECE's motion must be denied.[6]

## CONCLUSION

Paradigm's Verified Complaint states viable and plausible claims against ECE for misappropriation of trade secrets, tortious interference with prospective business advantage and unjust enrichment. Accordingly, Paradigm respectfully requests that this Court deny Defendant ECE Specialists, LLC's Motion to Dismiss Plaintiff's Verified Complaint, and award and other relief as is just and appropriate.

                                              MINTZ, LEVIN, COHN, FERRIS,
                                                GLOVSKY AND POPEO, P.C.

                            By:    /s/ Scott A. Rader
                                    James M. Nicholas (*Admitted Pro Hac Vice*)
                                    Jillian M. Collins (*Admitted Pro Hac Vice*)
                                    Scott A. Rader

Date: January 20, 2015

---

[6] If the Court were to find that the allegations of the unjust enrichment claim against ECE are insufficient to survive the instant motion to dismiss, Paradigm respectfully submits that the claim should be dismissed without prejudice for leave to replead.